# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00290-MR-WCM

| | |
|---|---|
| CALDWELL, WRIGHT ENTERPRISES, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>)<br>) |
| AVADIM HEALTH, INC., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Defendant Avadim Health, Inc.'s Motion to Compel Arbitration and to Stay Proceedings. [Doc. 15].

## I.  PROCEDURAL BACKGROUND

On October 11, 2018, the Plaintiff Caldwell, Wright Enterprises, Inc. ("Plaintiff") filed the present action against the Defendant Avadim Health, Inc. ("Defendant"), asserting claims for breach of contract, indemnification, declaratory judgment, specific performance, accounting, and attorneys' fees. [Complaint, Doc. 1 at ¶¶ 39-62]. On November 21, 2018, after having been granted an extension of time to answer, the Defendant answered the Complaint and asserted a counterclaim against the Plaintiff for "rescission of

agreement of purchase and sale." [Doc. 14 at ¶¶ 1-11]. The Plaintiff answered this counterclaim. [Doc. 17]. On December 4, 2018, the Defendant filed the present motion to Compel Arbitration and to Stay Proceedings. [Doc. 15]. The Court held a hearing on the Defendant's motion on May 8, 2019.

## II. ANALYSIS

The parties dispute whether the parties' agreement requires the Defendant to pay the Plaintiff a royalty for the Defendant's sale of certain products. The royalty provision of the parties' agreement requires the Defendant to pay the Plaintiff a royalty for all sales of the Defendant's products that are "specifically (1) intended for topical use and (2) marketed for use by athletes or in connection with athletics, sports, training or exercise." [Doc. 1 at 20-21]. The Defendant seeks to compel arbitration of the parties' dispute over this issue pursuant to Paragraph 2.2(b) of the agreement. The Defendant also seeks, however, rescission of that agreement, contending "there was never a meeting of the minds as to a material provision" of the contract. [Doc. 14 at ¶ 10]. Namely, the Defendant argues that, based on the Plaintiff's claims in this action, it is evident that the parties never agreed on the meaning and scope of the royalty provision in the first place. [See Doc. 14 at ¶¶ 9, 10].

2

Before the Court can compel the parties to arbitrate any part of this matter, the Court must ensure that there is a valid, enforceable agreement between the parties.  See Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d 297, 302 (4th Cir. 2002) (holding that, in determining whether a particular dispute is to be resolved through arbitration, the court must "engage in a limited review to ensure that the dispute is arbitrable -- i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement") (citation and internal quotation marks omitted).  In light of the Defendant's counterclaim seeking rescission, the Court will lift the stay in this matter so as to allow the parties to conduct discovery and to file dispositive motions regarding the threshold issue of the agreement's validity.  Once the Court has made a determination regarding the validity of the agreement, the Defendant may renew its motion to compel arbitration.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the stay of this matter is **LIFTED** so that the parties may conduct discovery and file dispositive motions with regard to the issues of validity raised by the Defendant's counterclaim.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Compel Arbitration and to Stay Proceedings [Doc. 15] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: May 22, 2019

Martin Reidinger
United States District Judge