THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00290-MR-WCM

| | |
|---|---|
| CALDWELL, WRIGHT ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AVADIM HEALTH, INC., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Confirm Arbitration Award as Judgment of the Court [Doc. 56].

By the present motion, the Defendant Avadim Health, Inc. seeks confirmation of an arbitration award regarding this matter and the entry of a judgment incorporating the Arbitrator's Final Award and dismissing all of the claims asserted by the Plaintiff Caldwell, Wright Enterprises, Inc. against the Defendant. [Doc. 56].

The Plaintiff filed this action against the Defendant on October 11, 2018, alleging claims arising out of an Agreement of Purchase and Sale between the Plaintiff and the Defendant ("Purchase Agreement"). On August 26, 2019, finding that the claims asserted by the Plaintiff fell squarely within

the scope of the Purchase Agreement's arbitration provision, the Court granted the Defendant's motion to compel arbitration. [Doc. 47].

The parties agreed upon an arbitrator/accountant, Lawrence Saichek, Esq., CPA, FCIArb. Mr. Saichek issued a preliminary scheduling order dated October 15, 2019, wherein he ordered with the parties' agreement that the arbitration would be governed by the 2018 CPR Non-Administered Arbitration Rules ("CPR Arbitration Rules"). [Docs. 56-1, 56-2]. After extensive discovery and an exhaustive motion practice, a four (4) day in-person arbitration hearing was scheduled and held November 30 through December 3, 2020. [Doc. 56-3]. After four days of hearing, the arbitrator and the parties agreed that another day would be necessary to complete the presentation of evidence. A fifth day of hearing was held remotely on December 17, 2020, and testimony was completed on that day. [Doc. 56-4].

After submission of the parties' final written arguments and proposed orders, the arbitrator issued an Interim Award on March 17, 2020. The arbitrator ruled in the Defendant favor and against the Plaintiff. He denied the Plaintiff's claim for damages on the breach of contract and indemnification claims where the Plaintiff sought damages of some $4,000,000.00. As to the Plaintiff's declaratory judgment claim, the arbitrator found the Defendant's methodology for calculating royalty payments to be

2

Case 1:18-cv-00290-MR-WCM   Document 73   Filed 03/07/23   Page 2 of 5

correct. The Defendant, as the prevailing party, was entitled to make application for attorney's fees and costs. [Doc. 56-8].

In accordance with the Interim Award, the Defendant was ordered to pay the sum of $30,491.61 to the Plaintiff representing the amount of royalty payments as calculated by the Defendant during the applicable period. The payments were either made by check or tendered to Claimant but all such payments had been previously rejected. [Id.]. The Defendant made the payment in accordance with the Interim Award. [Doc. 56-9].

In accordance with the Interim Award, as the prevailing party, the Defendant filed its Application for Attorney's Fees and Costs along with its Memorandum in Support thereof. The Plaintiff filed multiple briefs in opposition to attorney's fees and costs.

The arbitrator issued the Final Award on May 4, 2021. The Final Award incorporated the Interim Award in its entirety. The Final Award granted in part the Defendant's Application for Attorneys' Fees and Costs and awarded to Avadim the amount of $318,413.21. [Doc. 56-10].

On May 20, 2021, the Defendant filed a Motion to Confirm Arbitration Award as Judgment of the Court. [Doc. 56]. On May 31, 2021, the Defendant filed for bankruptcy protection in the United States Bankruptcy

3

Case 1:18-cv-00290-MR-WCM   Document 73   Filed 03/07/23   Page 3 of 5

Court for the District of Delaware. [Doc. 60-1]. Accordingly, this action was subject to an automatic stay. See 11 U.S.C. § 362(a)(1).

On December 19, 2022, the Defendant filed a Notice that the Liquidating Trust for the Defendant in Bankruptcy had authorized and directed the Defendant to pursue the confirmation of the arbitration award in favor of the Defendant and to move the Court to lift the stay entered on June 15, 2021. [Doc. 69]. On January 3, 2023, the Court entered an Order lifting the stay and giving the Plaintiff fourteen (14) days to respond to the Defendant's Motion to Confirm Arbitration Award. [Doc. 71]. On January 17, 2023, the Plaintiff filed a Notice of its intent not to respond to the Defendant's Motion to Confirm. [Doc. 72].

Having reviewed the pleadings, the Court concludes that the arbitrator's Final Award, which incorporates the Interim Award, should be confirmed. Accordingly, for cause shown, the Defendant's motion is granted.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Confirm Arbitration Award [Doc. 56] is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

(1) The arbitrator's Final Award [Doc. 56-10], which incorporates the provisions of the Interim Award [Doc. 56-8], is hereby **CONFIRMED** and shall be made the judgment of this Court.

(2) The Plaintiff's claims against the Defendant are hereby **DISMISSED WITH PREJUDICE**.

(3) In accordance with the Arbitrator's Final Award, the Defendant is granted a money judgment in the sum of $318,413.21 against the Plaintiff.

The Clerk of Court is respectfully directed to prepare and enter a Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge

5

Case 1:18-cv-00290-MR-WCM   Document 73   Filed 03/07/23   Page 5 of 5